UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, By and Through Its Board of Trustees; and<br><br>PAINTERS DISTRICT COUNCIL #58 401(K) TRUST FUND, By and Through Its Board of Trustees; and<br><br>PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS,<br><br>    Plaintiffs,<br><br>v.<br><br>RON WARD, d/b/a RON WARD'S PAINTING AND DECORATING,<br><br>    Defendant. | Cause No. |

**COMPLAINT**

COME NOW Plaintiffs ILLINOIS STATE PAINTERS WELFARE FUND, PAINTERS DISTRICT COUNCIL #58 401(K) TRUST FUND, and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, by undersigned Counsel, and for their Complaint against Defendant RON WARD, d/b/a Ron Ward's Painting and Decorating, state as follows:

**Parties**

1.  Plaintiff ILLINOIS STATE PAINTERS WELFARE FUND (hereinafter "Welfare Fund") is an "employee welfare benefit plan" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1). Welfare Fund's Board of Trustees are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29

U.S.C. § 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

2. Contributions to Welfare Fund are received and processed in Maryland Heights, St. Louis County, Missouri.

3. Plaintiff PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND (hereinafter "401(k) Plan") is a "pension plan" within the meaning of section 3(2)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A). Retirement Savings Fund is a "defined contribution plan" within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34). Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A), and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

4. Contributions to 401(k) Plan are received and processed in Collinsville, Madison County, Illinois.

5. Plaintiff PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS (hereinafter "District Council Funds") are certain collectively-bargained fringe benefit funds, for which Plaintiff 401(k) Plan acts as the authorized collection agent.

6. Contributions to District Council Funds are received and processed in Collinsville, Madison County, Illinois.

7. Together, Welfare Fund, 401(k) Plan and District Council Funds shall be referred to as the "Plaintiff Funds."

8. Defendant RON WARD (Defendant," or "Ron Ward") is a natural person residing in, or around Centralia, Washington County, Illinois.

9. Ron Ward conducts business under the name "Ron Ward's Painting & Decorating."

10. Upon information and belief, there is not, and never has been, a filing with the Illinois Secretary of State's office establishing a business entity of any kind by the name of "Ron Ward's Painting & Decorating."

11. "Ron Ward's Painting & Decorating" is, therefore, a "doing business as" name of Ron Ward as an individual, and Ron Ward is therefore individually and personally liable for all debts and liabilities incurred in the name of "Ron Ward's Painting & Decorating."

12. Defendant is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145; and within the meaning of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. § 152(2), (6) and (7).

## Jurisdiction and Venue

13. This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).

14. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

15. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts Common to All Counts

16. At all times relevant to Plaintiffs' Complaint, Defendant is, and/or was, and/or has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters' District Council #58, affiliated with the International Union of Painters and Allied Trades.

17. The Agreement(s) and/or the Trust Document(s) establishing Plaintiff Funds, and to which Defendant agreed to be bound, require Defendant to submit reports of hours worked by his employees working under the terms of the Agreement(s), to make certain contractually-required hourly contributions, or deductions from employee wages, and to pay said hourly contributions, or wage deductions to Plaintiff Funds.

18. Defendant employs and/or has employed individuals pursuant to said Agreement(s) to perform on-site construction work within the territorial jurisdiction of Painters District Council #58 ("Union").

19. As a consequence of employing these individuals, Defendant is required to pay pension and/or health and welfare contributions, as well as dues, dues check-off and other contractually-required contributions, at the hourly rates and in the amounts negotiated by the Union in the applicable collective bargaining agreement(s).

20. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Cooling Components is required to make contributions to Welfare Fund in accordance with the terms and conditions of the CBA's and/or the terms of the plans establishing Welfare Fund.

21. Defendant is required to report and pay fringe benefit contributions to the Plaintiff Funds by the 15th of each month related to hours worked during the previous month.

22. If Defendant does not timely report and pay fringe benefit contributions, in addition to the fringe benefit contribution liability, the Agreement(s) and/or the Trust Document(s) provide the contractor shall be liable for Liquidated Damages in the amount of twenty percent (20%) of contributions due, and interest.

23.     In the event of litigation to collect a fringe benefit delinquency, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and/or ERISA provide the contractor shall be liable for interest.

24.     In the event of litigation to collect a fringe benefit delinquency, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and/or ERISA provide Defendant shall be liable for the Plaintiff Funds' attorneys' fees and costs, including audit costs.

## COUNT I

## (BREACH OF PROMISSORY NOTE)

## (ILLINOIS STATE PAINTERS WELFARE FUND)

COMES NOW Plaintiff Illinois State Painters Welfare Fund, by undersigned Counsel, and for Count I of their Complaint against Defendant Ron Ward, d/b/a Ron Ward's Painting and Decorating, state as follows:

25.     Welfare Fund restates and reincorporates paragraphs 1 through 24 of its Complaint as if fully set forth herein.

26.     During 2018, Defendant as Obligor executed a Promissory Note in favor of Welfare Fund.  *See*, **Exhibit A**.

27.     The Promissory Note concerned delinquent ERISA fringe benefit contributions, interest, liquidated damages, audit costs and attorneys' fees and costs due to Welfare Fund.

28.     The Promissory Note provided for the payment of certain amounts set forth therein constituting "Principal," with interest.

29.     Some, but not all, payments required pursuant to the Promissory Note were made.

30.     Defendant breached the Promissory Note.

31. An additional material term of the Promissory Note is,

> **ADDITIONAL TERMS**. Obligor agrees to submit all future monthly fringe benefit contribution reporting forms with payment for contributions owed to the Funds on or before the fifteenth (15th) day of every month following the execution of this Note. <u>Any failure of the Obligor to remain current in reporting and paying its future monthly contribution obligations shall constitute a Default under this Note.</u>

> *See*, **Exhibit A** (emphasis original).

32. The Promissory Note further provides with respect to default,

> **DEFAULT**. Obligor shall be in Default if Obligor fails to make any payment when due under this Note or fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note.

> *See*, **Exhibit A** (emphasis original).

33. Defendant's failure to report, or pay contributions to Welfare Fund as alleged in Count III, Defendant is a default under the Promissory Note.

34. The Promissory Note provides as follows with respect to Welfare Fund's rights in the event of default:

> **THE FUNDS' RIGHTS**. If Obligor is in Default, the Funds may declare the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed under this Note immediately due and payable without notice, demand or presentment and the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed under this Note shall be collectable immediately or at any time after such Default. In addition to all other remedies the Funds may have upon Default hereunder or otherwise, the Funds specifically retain and do not waive the right to sue pursuant to the provisions of the Employee Retirement Income Security Act of 1974 for the delinquent contributions and/or other liability that is the subject of this Note as identified in Exhibit "A" or elsewhere in this Note as well as any and all other liability that is not identified in Exhibit "A" or elsewhere in this Note but that arises out of the same matters giving rise to the amounts owed as identified in Exhibit "A" or elsewhere in this Note. Nothing contained herein shall require the Funds to

take legal action in the event of a Default by Obligor under this Note. If the Funds decide in their sole discretion to permit additional time for Obligor to cure a default, such allowance of additional time shall not be construed as a waiver of their rights or remedies under this Note.

*See*, **Exhibit A** (emphasis original).

35. The Promissory Note provides as follows with respect to attorneys' fees and costs in the event of default:

> **ATTORNEYS' FEES; EXPENSES**. The Funds may hire or pay someone else to help collect the amounts owed to the Funds under this Note, or to otherwise enforce the provisions of this Note, if Obligor does not pay the amounts owed to the Funds or is otherwise in Default. Obligor will pay the Funds any such costs and expenses incurred by the Funds in the enforcement of the provisions of this Note, or collection of any amounts owed to the Funds. This includes, subject to any limits under applicable law, the Funds' attorneys' fees and legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Obligor also will pay any court costs and service of process fees in addition to all other sums and costs provided by law.

*See*, **Exhibit A** (emphasis original).

36. Demand was made upon Defendant for payment of the foregoing amount due as a result of the breach, but Defendants has failed and refused to pay.

37. Welfare Fund is entitled to recover all outstanding amounts due and unpaid pursuant to the Promissory Note.

38. Pursuant to the Promissory Note and ERISA, Welfare Fund is entitled to recover its attorneys' fees and costs of this action.

39. As a result of Defendant's actions, Welfare Fund has been harmed.

7

WHEREFORE, Plaintiff Illinois State Painters Welfare Fund respectfully prays that the Court:

    a.    Enter Judgment for Welfare Fund and against Ron Ward, d/b/a Ron Ward's Painting and Decorating;

    b.    Enter an Order awarding Welfare Fund all outstanding amounts due pursuant to the Promissory Note, in an amount to be proven at trial;

    c.    Enter an Order awarding Welfare Fund its attorneys' fees and costs of this action;

    d.    Enter an Order awarding Welfare Fund post-judgment interest;

    e.    Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## (BREACH OF PROMISSORY NOTE)

## (PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND AND PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS)

COME NOW Plaintiffs Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds, by undersigned Counsel, and for Count II of their Complaint against Ron Ward, d/b/a Ron Ward's Painting and Decorating, state as follows:

40.    401(k) Plan and District Council Funds restate and reincorporate paragraphs 1 through 24, and 25 through 39 of Count I of their Complaint as if fully set forth herein.

41.    During 2018, Defendant as Obligor executed a Promissory Note in favor of 401(k) Plan and District Council Funds.  *See*, **Exhibit B**.

42. The Promissory Note concerned delinquent ERISA fringe benefit contributions, interest, liquidated damages, audit costs and attorneys' fees and costs due to 401(k) Plan and District Council Funds.

43. The Promissory Note provided for the payment of certain amounts set forth therein constituting "Principal," with interest.

44. Some, but not all, payments required pursuant to the Promissory Note were made.

45. Defendant breached the Promissory Note.

46. An additional material term of the Promissory Note is,

> **ADDITIONAL TERMS**. Obligor agrees to submit all future monthly fringe benefit contribution reporting forms with payment for contributions owed to the Funds on or before the fifteenth (15th) day of every month following the execution of this Note. <u>Any failure of the Obligor to remain current in reporting and paying its future monthly contribution obligations shall constitute a Default under this Note.</u>

> *See*, **Exhibit B** (emphasis original).

47. The Promissory Note further provides with respect to default,

> **DEFAULT**. Obligor shall be in Default if Obligor fails to make any payment when due under this Note or fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note.

> *See*, **Exhibit B** (emphasis original).

48. Defendant's failure to report, or pay contributions to Welfare Fund as alleged in Count IV, Defendant is a default under the Promissory Note.

49. The Promissory Note provides as follows with respect to Welfare Fund's rights in the event of default:

> **THE FUNDS' RIGHTS**. If Obligor is in Default, the Funds may declare the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed under this Note

9

immediately due and payable without notice, demand or presentment and the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed under this Note shall be collectable immediately or at any time after such Default.  In addition to all other remedies the Funds may have upon Default hereunder or otherwise, the Funds specifically retain and do not waive the right to sue pursuant to the provisions of the Employee Retirement Income Security Act of 1974 for the delinquent contributions and/or other liability that is the subject of this Note as identified in Exhibit "A" or elsewhere in this Note as well as any and all other liability that is not identified in Exhibit "A" or elsewhere in this Note but that arises out of the same matters giving rise to the amounts owed as identified in Exhibit "A" or elsewhere in this Note.  Nothing contained herein shall require the Funds to take legal action in the event of a Default by Obligor under this Note.  If the Funds decide in their sole discretion to permit additional time for Obligor to cure a default, such allowance of additional time shall not be construed as a waiver of their rights or remedies under this Note.

*See*, **Exhibit B** (emphasis original).

50. The Promissory Note provides as follows with respect to attorneys' fees and costs in the event of default:

> **ATTORNEYS' FEES; EXPENSES**.  The Funds may hire or pay someone else to help collect the amounts owed to the Funds under this Note, or to otherwise enforce the provisions of this Note, if Obligor does not pay the amounts owed to the Funds or is otherwise in Default.  Obligor will pay the Funds any such costs and expenses incurred by the Funds in the enforcement of the provisions of this Note, or collection of any amounts owed to the Funds.  This includes, subject to any limits under applicable law, the Funds' attorneys' fees and legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals.  If not prohibited by applicable law, Obligor also will pay any court costs and service of process fees in addition to all other sums and costs provided by law.

*See*, **Exhibit B** (emphasis original).

51. Demand was made upon Defendant for payment of the foregoing amount due as a result of the breach, but Defendants has failed and refused to pay.

52. Welfare Fund is entitled to recover all outstanding amounts due and unpaid pursuant to the Promissory Note.

53. Pursuant to the Promissory Note and ERISA, Welfare Fund is entitled to recover its attorneys' fees and costs of this action.

54. As a result of Defendant's actions, Welfare Fund has been harmed.

WHEREFORE, Plaintiffs Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds respectfully pray that the Court:

    a. Enter Judgment for 401(k) Plan and District Council Funds and against Ron Ward, d/b/a Ron Ward's Painting and Decorating;

    b. Enter an Order awarding 401(k) Plan and District Council Funds all outstanding amounts due pursuant to the Promissory Note, in an amount to be proven at trial;

    c. Enter an Order awarding 401(k) Plan and District Council Funds their attorneys' fees and costs of this action;

    d. Enter an Order awarding 401(k) Plan and District Council Funds post-judgment interest;

    e. Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT III

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

## (ILLINOIS STATE PAINTERS WELFARE FUND)

COMES NOW Plaintiff Illinois State Painters Welfare Fund, by undersigned Counsel, and for Count III of its Complaint against Ron Ward, d/b/a Ron Ward's Painting and Decorating, state as follows:

55. Welfare Fund restates and reincorporates paragraphs 1 through 24, 25 through 39 of Count I, and 40 through 54 of Count II of their Complaint as if fully set forth herein.

56. Defendant is obligated to report and pay fringe benefit contributions to Welfare Fund.

57. Despite that obligation, Defendant has failed to report, or pay all required contributions to Welfare Fund.

58. Demand was made upon Defendant to submit the necessary reports and payments, but Defendant has failed to do so.

59. Welfare Fund is suffering and will continue to suffer immediate, severe and irreparable harm unless Defendant is ordered to submit all outstanding remittance reports and payment of all contributions due.

60. Welfare Fund is entitled to an Order that Defendant submit all outstanding remittance reports.

61. Welfare Fund is entitled to an award of all outstanding contributions as reflected in said remittance reports.

62. Welfare Fund is entitled to an award of Liquidated Damages and interest.

63. Welfare Fund is entitled to an award of its attorneys' fees and costs.

64. As a result of the acts and omissions complained of herein, Welfare Fund has been harmed.

WHEREFORE, Plaintiff Illinois State Painters Welfare Fund respectfully prays that the Court:

    a. Enter Judgment for Welfare Fund and against Defendant Ron Ward, d/b/a Ron Ward's Painting and Decorating;

    b. Enter Orders for temporary, preliminary and permanent injunctive relief that Defendant immediately submit all outstanding remittance reports;

    c. Enter an Order awarding Plaintiff Welfare Fund the contributions determined to be due by said remittance reports;

    d. Enter an Order awarding Plaintiff Welfare Fund Liquidated Damages in an amount to be proven at trial;

    e. Enter an Order awarding Plaintiff Welfare Fund pre-judgment interest in an amount to be proven at trial;

    f. Enter an Order awarding Plaintiff Welfare Fund its attorneys' fees and costs;

    g. Enter an Order awarding Plaintiff Welfare Fund appropriate post-judgment interest;

    h. Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT IV

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)

## (PAINTERS DISTRICT COUNCIL #58 401(k)TRUST FUND and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS)

COME NOW Plaintiffs Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds, by undersigned Counsel, and for Count IV of their Complaint against Ron Ward, d/b/a Ron Ward's Painting and Decorating, state as follows:

65. 401(k) Plan and Fringe Benefit Funds restate and reincorporate paragraphs 1 through 24, 25 through 39 of Count I, 40 through 54 of Count II, and 55 through 64 of Count III of their Complaint as if fully set forth herein.

66. Defendant is obligated to report and pay fringe benefit contributions to 401(k) Plan and Fringe Benefit Funds.

67. Despite that obligation, Defendant has failed to report, or pay all required contributions to 401(k) Plan and Fringe Benefit Funds.

68. Demand was made upon Defendant to submit the necessary reports and payments, but Defendant has failed to do so.

69. 401(k) Plan and Fringe Benefit Funds are suffering and will continue to suffer immediate, severe and irreparable harm unless Defendant is ordered to submit all outstanding remittance reports and payment of all contributions due.

70. 401(k) Plan and Fringe Benefit Funds are entitled to an Order that Defendant submit all outstanding remittance reports.

71. 401(k) Plan and Fringe Benefit Funds are entitled to an award of all outstanding contributions as reflected in said remittance reports.

72. 401(k) Plan and Fringe Benefit Funds are entitled to an award of Liquidated Damages and interest.

73. 401(k) Plan and Fringe Benefit Funds are entitled to an award of its attorneys' fees and costs.

74. As a result of the acts and omissions complained of herein, 401(k) Plan and Fringe Benefit Funds have been harmed.

WHEREFORE, Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds respectfully prays that the Court:

   a. Enter Judgment for Plaintiff Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds and against Defendant Ron Ward, d/b/a Ron Ward's Painting and Decorating;

   b. Enter Orders for temporary, preliminary and permanent injunctive relief that Defendant immediately submit all outstanding remittance reports;

   c. Enter an Order awarding 401(k) Plan and Fringe Benefit Funds the contributions determined to be due by said remittance reports;

   d. Enter an Order awarding 401(k) Plan and Fringe Benefit Funds Liquidated Damages in an amount to be proven at trial;

   e. Enter an Order awarding 401(k) Plan and Fringe Benefit Funds pre-judgment interest in an amount to be proven at trial;

   f. Enter an Order awarding 401(k) Plan and Fringe Benefit Funds their attorneys' fees and costs;

   g. Enter an Order awarding 401(k) Plan and Fringe Benefit Funds appropriate post-judgment interest;

      h.      Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

Cavanagh & O'Hara LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(681) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com