IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS STATE PAINTERS' WELFARE FUND, PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, <br><br> Plaintiffs, <br><br> vs. <br><br> RON WARD, d/b/a RON WARD'S PAINTING AND DECORATING, <br><br> Defendant. | Case No. 20-cv-505-SMY |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 15). Plaintiffs filed the instant action against Defendant Ron Ward d/b/a Ron Ward's Painting and Decorating on June 1, 2020, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, *et seq*. (Doc. 2). Defendant was served with a copy of the summons and Complaint on August 6, 2020 (Doc. 9). Defendant failed to answer Plaintiffs' Complaint or otherwise plead, and a Clerk's Entry of Default was made on August 31, 2020 (Doc. 11).

**Factual Background**

On August 31, 2018, Defendant executed separate Promissory Notes to Plaintiffs Illinois State Painters Welfare Fund ("Welfare Fund"), Painters District Council #58 401(k) Trust Fund ("401(k) Plan"), and Painters District Council #58 Fringe Benefit Funds ("District Council Funds). The Promissory Notes concerned delinquent ERISA fringe benefit contributions, interest, liquidated damages, audit costs and attorneys' fees and costs due to Plaintiffs. Pursuant to the Promissory Notes,

1

Defendant agreed to make twelve monthly installment payments between October 1, 2018 and September 1, 2019, followed by a final "balloon" payment by October 1, 2019.

The Welfare Fund granted a conditional waiver of liquidated damages in the amount of $18,593.26. Defendant agreed to pay a settlement sum of $49,571.75 with interest for a total amount of $54,478.23. Defendant paid a total of $8,750.00 to the Welfare Fund but has failed to pay the outstanding amount due. Accounting for payments received, Defendant owes $45,728.23 in outstanding Promissory Note payments to the Welfare Fund, plus $18,593.26 in Liquidated Damages, for a total of $64,321.49.

The District Council Funds granted a conditional wavier of $32,043.09 and Defendant agreed to pay a settlement sum of $66,485.33, with interest; the total to be paid was $73,117.17. Defendant paid a total of $8,750.00 to the District Council Funds pursuant to the Promissory Note. Accounting for payments received, Defendant owes $63,867.17 in outstanding Promissory Note payments to the District Council Funds, plus $32,043.09 in Liquidated Damages, for a total of $96,410.26. Plaintiffs seek unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.

## Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus,

on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seek the following damages on default for the actual amount due and owing between October 1, 2018 and September 1, 2019:

a. $64,321.49 to the Illinois State Painters Welfare Fund;

b. $96,410.26 to the Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds;

c. $1,215.20 in delinquent contributions and $8,184.62 in Liquidated Damages to the Illinois State Painters Welfare Fund;

d. $25,145.52 in delinquent contributions and $5,734.94 in Liquidated Damages to the Painters District Council #58 401(k) Trust Fund and Painters District Council #58 Fringe Benefit Funds; and

e. $22,364.40 in attorneys' fees and costs.

The Court finds that the damages on default are ascertainable without the necessity of a hearing (*see* Docs. 2-1; 2-2; and Exhibits 15-1 to 15-6). Accordingly, Plaintiffs' Motion is **GRANTED** and Default Judgment is entered in favor of Plaintiffs and against Defendant. The Clerk of Court is **DIRECTED** to enter Judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  September 23, 2021**

**STACI M. YANDLE**
**United States District Judge**